HEARD NOVEMBER TERM, 1873.

## BISCHOFF vs. WARD.

A *bona fide* assignment of a claim arising out of contract made pending an action on the claim is valid against a judgment creditor of the assignor, and will be protected by the Court against an attempt of the judgment creditor to enforce his execution against the money due on the claim when collected by the Sheriff after judgment and execution, and it makes no difference that neither the judgment creditor of the assignor nor his debtor had notice of the assignment.

BEFORE GRAHAM, J., AT CHARLESTON, DECEMBER, 1872.

On the 29th April, 1871, W. W. Ward commenced an action in the Court of Common Pleas for Williamsburg County, against Mantone & Co., on a money demand for services rendered by the plaintiff as Sheriff, and in March, 1872, he recovered judgment for $177.40. Execution on the judgment was entered in the Sheriff's office of Charleston County, and on the 15th May, 1872, Mantone & Co. paid the money to the Sheriff. Henry Bischoff was plaintiff in, and owner of, an execution against Ward, which had been entered in the Sheriff's office of Charleston County, on the 6th June, 1869. Bischoff directed the Sheriff to apply the money to his execution. This was resisted by one S. J. Tharp, to whom Ward, on the 18th December, 1871, had assigned his claim against Mantone & Co. The assignment was made in good faith, and for value, but notice of it had not been given, either to Bischoff or to Mantone & Co.

The Sheriff refused either to apply the money to Bischoff's execution or to pay it to Sharp; and this was a rule against him to show cause why he had not applied it to Bischoff's execution.

The Sheriff, in his return, stated the facts and submitted the matter to the judgment of the Court.

His Honor held that Bischoff was entitled to the money, and made the rule absolute.

Tharp appealed.

*Maurice*, for appellant.

*Phillips*, contra.

March 20, 1874. The opinion of the Court was delivered by

WILLARD, A. J. The first question to be considered arises out of the fact that Ward, who was the plaintiff in the action in which

the judgment was recovered, under which the money claimed by Bischoff was made, assigned his cause of action to Tharp, prior to judgment, without notice to the defendants in such action, or to Bischoff, and without making Tharp a party to the record in such action.

Tharp became, under the assignment, the equitable owner of the judgment upon its recovery. The fact that Tharp was a *bona fide* assignee of the cause of action, for value, is not controverted, and must be taken as true. The direct effect of the assignment was to make Tharp legal owner of the cause of action. Under the last clause of the first paragraph of Section 144 of the Code of Procedure, the action might proceed, in the name of the original plaintiff, unless proceedings were taken to substitute Tharp as plaintiff. If he desired to obtain full control of the judgment, his proper course was to be substituted as plaintiff on the record. Having allowed the action to proceed in the name of Ward to judgment, Ward held the record evidence of the ownership of the judgment, but Tharp was entitled to have his equitable rights protected by the Court. Tharp was under no obligation to give notice of his claim to the judgment, but, failing to do so, he was subject, under the general rule affecting equitable rights, to have his right defeated in favor of third persons acquiring legal rights in good faith through the person having the apparent right to control the judgment.—*Zorn* vs. *Railroad Company, ante,* p. 90.

The right and duty of the Court to protect equitable rights under its judgments and process, is fully recognized in *Reid* vs. *Ramsay,* 2 Rich., 4, and in *Means* vs. *Vance,* 1 Bail., 39, both cases arising in Courts of law.

Bischoff does not claim to have acquired any rights from Ward, acting as the apparent owner of the judgment. His claim is based solely on the idea that the money in the hands of the Sheriff, made under the judgment standing in Ward's name, was Ward's money, and, as such, liable under his execution against Ward.

It only remains to consider whether any legal rights in favor of Bischoff has attached to the money in the Sheriff's hands, precluding the Court from treating the money as subject to Tharp's equitable demand.

Had the money been actually paid by the Sheriff to Bischoff before notice of Tharp's assignment, the effect of such payment could not be enquired into in this summary way. But the money still remains in the Sheriff's hands.

The lodging of Bischoff's execution against Ward did not in itself create a lien upon the money in the Sheriff's hands, (*Reid* vs. *Ramsay*, 2 Rich., 4; *Maddox* vs. *Kennedy*, 2 Id., 102,) assuming it to be Ward's money. Bischoff could only acquire rights over such money by either the voluntary application of the money by the Sheriff to his execution, or an order of the Court requiring such application to be made.—*Maddox* vs. *Kennedy.*

In the present case the Sheriff does not assume to decide between the parties making opposing claims to the money, but leaves that question to the Court.

Under such circumstances the Court was enabled to look into and protect the rights of Tharp, (*Daping* vs. *Wilkins*, 2 Rich., 328; *Means* vs. *Vance*, 1 Bail., 39,) and was bound to give effect to the assignment to Tharp, inasmuch as his claim was both meritorious and prior to that of Bischoff.—*Duncan* vs. *Bloomstock*, 2 McC., 319.

The order appealed from should be reversed.

*Moses*, C. J., and *Wright*, A. J., concurred.